UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JESUS APONTE

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 20-cv-4150

*Appearances:*
*For the Plaintiff*:
RICHARD BLAKE SEELIG
Seelig Law Offices, LLC
299 Broadway, Suite 1600
New York, NY 10007

*For the Defendant*:
DENNIS J. CANNING
MEGHAN MCEVOY
Social Security Administration
Office of the General Counsel
601 E. 12th St, Rm. 965
Kansas City, MO 64106

**BLOCK, Senior District Judge:**

    Jesus Aponte seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits. Both parties move for judgment on the pleadings.[1] For the following reasons, Aponte's motion should be granted, the Commissioner's motion should be denied, and the case should be remanded for further administrative proceedings.

---

[1] Aponte moves for relief under 42 U.S.C. 405(g), which authorizes the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

## I.

Aponte applied for Social Security Disability Insurance ("SSDI") on or about June 4, 2018, claiming a disability onset date of November 30, 2015. The Commissioner denied his application about three months later, and Aponte requested a hearing before an administrative law judge ("ALJ"). Plaintiff appeared before ALJ Dina Lowey on December 17, 2019.

After the hearing, the ALJ determined that Aponte suffered from several "severe impairments," including: "degenerative disc disease of the cervical, thoracic, and lumbar spine; degenerative joint disease of the right shoulder; bilateral carpal tunnel syndrome; obstructive sleep apnea; and obesity." A.R. 18.

However, the ALJ concluded that the plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix .1." A.R. 19. As such, the ALJ labeled the plaintiff not disabled under sections 216(1) and 22(d) of the Social Security Act, denying Aponte the disability insurance benefits for the period for which he had applied. On July 10, 2020, the Appeals Council denied Aponte's request for review. This appeal followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004);

*see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

### III.

Remand is appropriate in this case. In making her determination, the ALJ improperly relied on her own judgement rather than the substantiated medical opinions presented. This is an error of law that necessitates remand.

The ALJ is a layperson, not a medical doctor. Therefore, she is neither capable of nor permitted to interpret or judge the validity of raw medical data in determining a plaintiff's residual functional capacity ("RFC"). *See Peed v. Sullivan,* 778 F. Supp. 1241, 1246-47 (E.D.N.Y. 1991). While in certain cases she may afford greater weight to a medical opinion that conflicts with another, she may not substitute her own opinion for any medical recommendations with which she personally disagrees:

> With no statements in the record about functional abilities, however, the Court is forced to conclude that the ALJ crossed the line between selecting credible providers and filling in where those providers were wholly silent. The latter is not permitted and requires remand.

*Deubell v. Comm'r of Soc. Sec.,* No. 18-CV-935 HBS, 2019 WL 5781860, at *4 (W.D.N.Y. Nov. 6, 2019) (collecting cases); *see also Hilsdorf v. Comm'r. of Soc. Sec.,* 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of

3

supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error.").

Dr. Perez, one of Aponte's treating physicians, is a board-certified physiatrist who specializes in treating patients with disabilities. In October 2016, Dr. Perez began treating Aponte for his low back and bilateral leg pain and examined him more than one dozen times over approximately three years, conducting multiple X-rays, MRIs and an electrodiagnostic examination. *See* A.R. 682. In December of 2019, Dr. Perez found Aponte to be "disabled and unable to maintain even a 'sedentary type job'" A.R. 27. Despite Dr. Perez supporting this finding with detailed treatment records and a narrative report, the ALJ found his recommendation "unpersuasive." *Id.* Instead, the ALJ concluded that:

> **[**W]hile the record reflects significant degenerative disc disease on MRI's [sic], the claimant's daily activities which include being the primary caretaker for his two elderly obese parents, and the conservative course of treatment are inconsistent with the debilitating degree of functional limitation that Dr. Perez described.

A.R. 27. With this conclusion, the ALJ dismissed the severity of Aponte's condition based on her own judgement of Aponte's activities and medical state. As such, the ALJ provided a recommendation based on cherry-picked evidence which together did not demonstrate Aponte to be severely disabled. Then, in her residual functional capacity assessment ("RFC"), the ALJ determined that the plaintiff:

> [H]as the residual functional capacity to perform light work . . . except that he can occasionally climb ramps or stairs but never climb ladders, ropes or

4

  scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally engage in overhead reaching with the right arm. He can occasionally push and pull with the right arm. He can frequently handle and finger. He can never have even moderate exposure to hazardous machinery and unprotected heights.

A.R. 20.

  As with Dr. Perez, the ALJ willfully dismissed certain medical evidence presented by Dr. Silvia Aguiar, prescribing a recommendation based on her own assessment of Aponte's health rather than the physician's findings. On July 25, 2018, Dr. Aguiar, an internal medicine practitioner, performed a consultive examination on Aponte, which included a physical examination and two x-rays. A.R. 563. She opined that Aponte had:

> [M]arked limitations to perform any positional activities that require balance, operate heavy machinery, operate motor vehicles, and heights [. . .] The claimant also has moderate to marked limitations to bending, heavy lifting, carrying, prolonged standing, prolonged walking, reaching overhead with the right upper extremity and pushing, pulling with the right upper extremity, and crouching.

A.R. 563-564.

In analyzing Dr. Aguiar's conclusions, the ALJ instead decided that such limitations – namely that the plaintiff suffered from marked to moderate limitations – were unfounded because they were inconsistent with "claimant's activities during the period at issue that included caring for, and lifting, his obese and elderly parents." A.R. 27. However, the ALJ did not have the authority to come to this medically driven conclusion. "[An ALJ] is not allowed to play doctor by using her own lay

5

opinions to fill in evidentiary gaps in the record." *Suide v. Astrue,* 317 Fed. Appx. 684, 690 (7th Cir. 2010); *see also Collins v. Berryhill*, No. 16-CV-6673 (PKC), 2018 WL 259282 (E.D.N.Y. Jan. 2, 2018) (adopting *Suide's* reasoning).

As such, the ALJ replaced substantiated medical evidence with her own layperson's conclusions. This is an impermissible legal error which requires remand.

## CONCLUSION

Aponte's motion is GRANTED, and the Commissioner's motion is DENIED. The ALJ's judgement of the severity of Aponte's impairment was undermined by legal error. Accordingly, the case is REMANDED for further administrative proceedings consistent with this order.

**SO ORDERED.**

                                                /S/ Frederic Block
                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
July 6, 2022